tIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MAIKEL JOSE VELASQUEZ LAYA**,

Petitioner,

v.                                                    Civil Action No. **3:26CV562 (RCY)**

**JEFF CRAWFORD**,

Respondent.

**MEMORANDUM OPINION**

The Court has received a petition under 28 U.S.C. § 2241 (§ 2241 Petition," ECF No. 1), filed on behalf of Petitioner, challenging his immigration detention.  An individual named Hemily Fuentes, who appears to be Petitioner's sister and claims to be "POA," filed the § 2241 Petition for Petitioner, purportedly as a "next friend."  Pet. at 8; *see* ECF No. 1-2, at 1.  Petitioner did not sign the § 2241 Petition.

Rule 2(c)(5) of the Rules Governing §2254 Cases requires that petitions pursuant to 28 U.S.C. § 2254 "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."  Rules Governing § 2254 Cases in U.S. District Courts, Rule 2(c)(5).[1]  The Advisory Committee Notes to Rule 2(c) explain:  "The Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner."  *Id.*, Advisory Committee Notes, 2004 Amend.  "[A] next friend does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest."  *Hamdi v. Rumsfeld*, 294 F.3d 598, 603

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241.  Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

(4th Cir. 2002) (some internal quotation marks omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "[T]he availability of next friend standing as an avenue into federal court is strictly limited." *Id.*

To establish "next friend" standing, (1) the "next friend must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action," and (2) the "next friend" must also establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and has "a significant relationship with the real party in interest." *Id.* at 603–04 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 163-64). "The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 603 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 164).

Ms. Fuentes does not show that she qualifies as "next friend" and, therefore, the § 2241 Petition fails to comply with Rule 2(c)(5). Ms. Fuentes fails to provide any explanation as to why the Petitioner cannot appear and prosecute the action. The simple fact that Petitioner is detained is not sufficient to show that Petitioner cannot appear on his own behalf to prosecute the action. *Hamdi*, 294 F.3d at 603–04 (requiring showing of "inaccessibility, mental incompetence, or other disability[] why the real party in interest cannot appear on his own behalf to prosecute the action"); *cf. Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 623 (11th Cir. 2007) (finding fact of incarceration alone insufficient to show that petitioner could not initiate the petition from prison). Ms. Fuentes fails to show that her brother lacks access to the courts, is incompetent, or suffers from another disability preventing him from prosecuting this action on his own behalf. Moreover, Ms. Fuentes clearly filed the § 2241 Petition and Memorandum on Petitioner's behalf and there is no evidence that Petitioner even has seen or approved of the contents. That is not

2

permissible.[2]  Accordingly, the Court will not recognize any filings made by Ms. Fuentes. Petitioner must sign his submissions to this Court under penalty of perjury.

Accordingly, the § 2241 Petition (ECF No. 1) will be DENIED WITHOUT PREJUDICE, and the action will be DISMISSED.

Nevertheless, in order to expedite any further § 2241 petition filed by Petitioner himself, the Clerk is DIRECTED to mail a copy of this Memorandum Order and a standardized form for filing a § 2241 petition to Petitioner at the Farmville Detention Center.[3]  If Petitioner wishes to pursue a § 2241 petition, he should complete and return the form to the Court.  Petitioner must sign the form himself.  Any § 2241 petition will be opened as a new civil action.

An appropriate Order shall issue.

_____  /s/

Roderick C. Young
United States District Judge

Date:   June 30, 2026
Richmond, Virginia

---

[2] Additionally, it does not appear that Ms. Fuentes is an attorney, and therefore, she may not litigate this matter for Petitioner.  *See Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (explaining that "the right to litigate for oneself . . . does not create a coordinate right to litigate for others).  Parties may plead and conduct their own cases *personally* or *by counsel* in all courts of the United States.  *See* 28 U.S.C. § 1654.  Individuals who are not licensed attorneys may not represent third parties because such representation constitutes the unauthorized practice of law.  Rules of Supreme Court of Virginia, Pt. 6, § I; *see DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341-42 (W.D.N.Y. 2004); *Kone v. Wilson*, 630 S.E.2d 744, 745–46 (Va. 2006).

[3] The Court should mail this Memorandum Opinion and Order and a standardized § 2241 petition form to Petitioner at the Farmville Detention Center with the "A" number 244-312-616.  *See* ECF No. 1, at 1.